UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID ALLEN<br>    a/k/a DAVID HOLDER,<br><br>            Plaintiff,<br><br>                v.<br><br>JOHN DOE 1-4 SIRT Team Officer,<br>JOHN DOE SIRT Team Officers Supervisor,<br>JOHN DOE Nursing Staff,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 2:20-cv-00100-JPH-MJD

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, ORDERING THE ADDITION OF AN INTERESTED
PARTY, AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate David Allen, also known as David

Holder, commenced this 42 U.S.C. § 1983 action on February 12, 2020, concerning an incident at

the Marion County Jail in Indianapolis, Indiana, on December 22, 2019. The Court makes the

following rulings.

**I. *In Forma Pauperis***

Mr. Allen's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** because the

Court finds that he does not have the assets or means to pay even an initial partial filing fee.

Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from

bringing a civil action for the reason that he lacks the assets and means to pay an initial partial

filing fee, 28 U.S.C. § 1915(b)(4), Mr. Allen is granted a waiver of payment of the initial partial

filing fee. He is still obligated, however, to pay the full filing fee pursuant to the statutory formula

set forth in 28 U.S.C. § 1915(b)(2). *See id.* § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is

excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Mr. Allen's Complaint

In his complaint, Mr. Allen asserts that on December 22, 2019, while he was incarcerated at the Marion County Jail I, he was physically and sexually assaulted by an unknown jail officer. He had been taken to the bottom of Unit 40, on the fourth floor of the jail, near "4T-40," when the officer, John Doe #1, ordered him to strip, bend over, and cough. When he did, John Doe #1 threw Mr. Allen to the floor, handcuffed him, and penetrated his rectum. Soon afterward Mr. Allen was escorted by John Doe #1 and three other officers, John Does #2-4, to an elevator where John Doe #1 then repeatedly struck Mr. Allen in the face until both his face and head were swollen.

Mr. Allen then asserts that he was dragged from the elevator to the intake area body scanner and forced to stand in it. After the scan, Mr. Allen was taken back to the elevator by the same four officers and taken to an unknown floor. There, John Doe #1 grabbed and twisted Mr. Allen's fingers and demanded to know about drugs while threatening further violence. The four officers then took Mr. Allen into an unknown cell, removed the handcuffs, and left him alone in extreme pain and near unconsciousness. He further asserts that John Doe #1 soon returned with two nurses, Jane Does #1-2, who stated that Mr. Allen might need x-rays, but left without providing medical treatment.

A few hours later Mr. Allen was transported to the IDOC reception facility where intake officers immediately asked him what had happened to him. When Mr. Allen responded, intake officials summoned an IDOC investigator who came and photographed Mr. Allen's injuries. The investigator also directed that Mr. Allen receive medical treatment, at which time x-rays were

taken and he was diagnosed with "deep facial bone bruises" consistent with having been beaten. Mr. Allen asserts that he continues to suffer from blurred vision, migraines, and "terrors." He seeks compensatory damages and injunctive relief.

### III. Analysis and Order

Mr. Allen's complaint states an Eighth Amendment excessive force claim against John Does #1-4, and an Eighth Amendment deliberate indifference to serious medical needs claim against John Does #1-4 and nurses Jane Doe #1-2. Although in his complaint he lists a jail supervisor, also a John Doe, as a defendant, Mr. Allen does not make allegations against a supervisor. The noted claims will proceed when the defendants are identified by name.

While the Seventh Circuit generally disfavors John Doe defendants, *see Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997), in some cases there may be no alternative but to proceed against John Does. Here, Mr. Allen does not speculate about the presence of unknown defendants but identifies six specific defendants whose identities may be determined through reasonable discovery. And the Court has an obligation to assist a *pro se* plaintiff with issuing process to the defendants. *See e.g., Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014) (stating that plaintiff "as a prisoner proceeding *pro se*, should have been given more latitude and ***assistance***" in order to effect service.) (emphasis added); *Donald v. Cook County Sheriff's Dept*., 95 F.3d 548, 555 (7th Cir. 2007) (stating that the court should take steps to permit the adjudication of pro se claims on the merits "rather than to order their dismissal on technical grounds"); *Billman v. Indiana Dep't of Corr*., 56 F.3d 785, 790 (7th Cir. 1995) (holding that when a *pro se* plaintiff is attempting to identify defendants, the district court should assist him in investigating). Therefore:

    a. Process will issue to **Sheriff Kerry J. Forestal**, in his official capacity only, for the purpose of permitting him to appear in this action and respond to discovery regarding the identities and current addresses of the defendants.

b. The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Sheriff Forestal in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

c. The **clerk is directed** to update the docket to identify Sheriff Forestal as an interested party.

d. Sheriff Forestal need not answer the allegations of the complaint, but simply needs to appear in the action.

e. Once Sheriff Forestal appears in the action, Mr. Allen shall have **30 days** in which to serve discovery on Sheriff Forestal. The discovery shall be limited in scope to learning the identities and current addresses of the defendants.

f. After Sheriff Forestal responds to Mr. Allen's discovery requests, Mr. Allen shall have **30 days** to file an amended complaint naming the defendants and furnishing their addresses where they can be served with process. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

Sheriff Forestal may eliminate the need for this procedure, and expedite the processing of this action, by notifying the Court *ex parte* of the six defendants' names and last known addresses for service of process, or alternatively identifying each defendant and having them appear with counsel.

Sheriff Forestal should also take whatever measures are necessary to locate and preserve evidence, specifically but not limited to video evidence, that may be relevant to the allegations made in the complaint. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (noting that a party may be sanctioned for spoliation of evidence if it disregarded "a duty to preserve evidence because it knew, or should have known, that litigation was imminent.").

Finally, the **clerk is directed** to send a courtesy copy of this Order and a copy of Mr. Allen's complaint (dkt. 1) to the Office of Corporation Counsel at the address shown in the distribution list below.

## IV. Summary

The motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. No initial partial filing fee is assessed. The **clerk is directed** to add Sheriff Kerry J. Forestal as an interested party to this action and to serve him with process as directed above. Mr. Allen shall have 30 days in which to serve discovery, limited to the issue of the identities of John Does #1-4 and Jane Does # 1-2, on the Sheriff, and within 30 days after service of the discovery responses to file an amended complaint identifying the defendants by name.

Finally, **the clerk is directed** to modify the docket to correct the John Doe names of the current defendants as follows: JOHN DOE #1-4, SIRT team officers, JANE DOE #1-2, Nursing Staff, and to terminate "JOHN DOE SIRT Team Officers Supervisor" as a defendant.

**SO ORDERED**.

Date: 3/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David Allen
149885
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Sheriff Kerry J. Forestal
Marion County Sheriff's Office
40 South Alabama Street
Indianapolis, IN 46204

Courtesy copy to:
        Office of Corporation Counsel
        200 East Washington Street, Suite 1601
        Indianapolis, IN 46204