UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID ALLEN<br>    a/k/a DAVID HOLDER,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN DOE 1-4 SIRT Team Officer,<br>JANE DOE 1-2 Nursing Staff,<br><br>                    Defendants.<br><br>KERRY J. FORESTAL Sheriff,<br><br>                    Interested Party. | No. 2:20-cv-00100-JPH-MJD |

**Order Screening Amended Complaint
and Directing Issuance and Service of Process**

Indiana Department of Correction (IDOC) inmate David Allen, also known as David Holder, commenced this 42 U.S.C. § 1983 action on February 12, 2020, concerning an incident at the Marion County Jail in Indianapolis, Indiana, on December 22, 2019. Mr. Allen originally named John Doe defendants but has now filed an amended complaint identifying the individual defendants. Dkt. [25]. The Court makes the following rulings.

**I. Screening Standard**

Because Mr. Allen is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil

1

Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Amended Complaint

In his amended complaint, Mr. Allen names as defendants (1) Sergeant Justin Buchanan, (2) Sergeant James Koers, (3) Corporal Reginald L. Roney, Jr., and (4) Nurse Marsha Williams (an employee of an outside contractor). He asserts that on December 22, 2019, while he was incarcerated at the Marion County Jail I, he was physically and sexually assaulted by the Sheriff's Department employee defendants. He had been taken to the bottom of Unit 40, on the fourth floor of the jail, near "4T-4U," when Sergeant Buchanan ordered him to strip, bend over, and cough. When he did, Sergeant Buchanan threw Mr. Allen to the floor, handcuffed him, and penetrated his rectum. Soon afterward Mr. Allen was escorted by Sergeant Buchanan, Sergeant Koers, and Corporal Roney to an elevator where Sergeant Buchanan then repeatedly struck Mr. Allen in the face until both his face and head were swollen.

Mr. Allen further asserts that Nurse Williams said he needed x-rays but did not have x-rays made or provide other medical treatment.

A few hours later Mr. Allen was transported to the IDOC reception facility where intake officers immediately asked him what had happened to him. When Mr. Allen responded, intake officials summoned an IDOC investigator who came and photographed Mr. Allen's injuries. The

investigator also directed that Mr. Allen receive medical treatment, at which time x-rays were taken and he was diagnosed with "deep facial bone bruises" consistent with having been beaten. Mr. Allen asserts that he continues to suffer from blurred vision, migraines, and "terrors." He seeks compensatory damages and injunctive relief.

### III. Analysis and Order

Mr. Allen's complaint states an Eighth Amendment excessive force claim against the three Sheriff's Department defendants and an Eighth Amendment deliberate indifference to serious medical needs claim against the same three defendants and Nurse Williams. **These claims shall proceed as pled in the amended complaint.**

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Sergeant Justin Buchanan, (2) Sergeant James Koers, (3) Corporal Reginald L. Roney, Jr., and (4) Nurse Marsha Williams in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [25], the screening order of March 2, 2020, dkt. [6], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to **terminate** the John Doe and Jane Doe defendants, and to **terminate** Sheriff Kerry J. Forestall as an interested party.

**SO ORDERED**.

Date: 6/22/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David Allen
149885
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Sergeant Justin Buchanan
Marion County Sheriff's Office
40 South Alabama Street
Indianapolis, IN 46204

Sergeant James Koers
Marion County Sheriff's Office
40 South Alabama Street
Indianapolis, IN 46204

Corporal Reginald L. Raney, Jr.
Marion County Sheriff's Office
40 South Alabama Street
Indianapolis, IN 46204

Nurse Marsha Williams
Medical Provider
Marion County Sheriff's Office
40 South Alabama Street
Indianapolis, IN 46204