UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID ALLEN
a/k/a DAVID HOLDER,

Plaintiff,

v.

JUSTIN BUCHANAN Sergeant,
JAMES KOERS Sergeant,
REGINALD L RONEY, JR. Corporal,
MARSHA WILLIAMS Nurse,

Defendants.

No. 2:20-cv-00100-JPH-MJD

**Order Denying Correctional Defendants' Motion for Summary Judgment and Proposing Rule 56(f) Summary Judgment for Plaintiff**

On February 12, 2020, David Allen filed this 42 U.S.C. § 1983 action *pro se*, alleging that while he was in the Marion County Jail in Indianapolis, Indiana, in 2019 he was physically and sexually assaulted by a jail officer, physically assaulted by other officers, and that medical personnel failed to provide him medical treatment. Dkt. 1. The correctional defendants, the three Marion County Jail officers sued here ("defendants" for purposes of this Order only) seek summary judgment contending that Mr. Allen failed to exhaust his administrative remedies before filing this action as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Mr. Allen has responded in opposition. The defendants have not filed a reply.

## I. Summary Judgment Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *Nat'l Soffit & Escutcheons, Inc., v. Superior Systs., Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

As the movants, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Discussion

### A. Material Facts Not in Dispute

The Jail's grievance procedure is set forth in the Marion County Jail Inmate Handbook (effective Date June 6, 2019). Dkt. 53-2 at 15. The procedure requires that an "informal grievance ***must*** be completed before a formal grievance may begin." *Id.* (emphasis in original). The informal grievance must be filed within seven days of the incident "on an informal grievance form." *Id.* The "grievance form may be requested from Custody staff. Inmates at Hope Hall must request an informal grievance form from custody staff." *Id.* Then, the "***informal grievance form*** must be submitted to mailroom staff in an envelope also provided by mailroom staff." *Id.* (emphasis in original). The procedure does not include instructions for pursing grievances by mail. *Id.*

Mr. Allen does not contend that he filed a grievance at the jail. Instead, he alleges that shortly after the alleged assault, he was moved to the Indiana Department of Correction's Reception Diagnostic Center where he did not have access to the Marion County Jail's grievance system. Dkt. 56. The defendants have not filed a reply to contest Mr. Allen's assertions.

On December 22, 2019, Mr. Allen was a prisoner in the Marion County Jail. Dkt. 53 at 2; dkt. 56-1 at 1. Jail officers conducted a "drug raid" in the housing unit where Mr. Allen was held. Mr. Allen alleges that he was beaten by jail officers during this "drug raid" and then later ignored by medical personnel. Dkt. 1 at 3. He was transferred to IDOC custody "some hours later," on the morning of December 23, 2019. He argues that while in IDOC he did not have access to the Marion County Jail grievance system. Dkt. 56. The defendants have offered no evidence that a prisoner in the IDOC can file a grievance through the Marion County Jail grievance system.

**B. Analysis**

Because exhaustion is an affirmative defense, the burden of proof is on the defendants to demonstrate that (1) a grievance process was available to the plaintiff, and (2) the plaintiff failed to comply with the grievance system. *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). But “[i]f administrative remedies are not ‘available’ to an inmate, then an inmate cannot be required to exhaust.” *Ross v. Blake*, 136 S. Ct. 1850 (2016); *Kaba*, 458 F.3d at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (“Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about.”).

In *King v. McCarty*, 781 F.3d 889 (7th Cir. 2015), a jail allegedly violated an inmate's constitutional rights immediately before he was transferred to prison. *Id*. at 892-93. The Seventh Circuit held that the jail's grievance procedure was not available to King once he left the jail. *Id*. at 895-96. The court also noted that it was impracticable to expect King to write to the jail, ask for a grievance form to be sent to him, receive, complete, and mail the form, and have it received by the jail within the five-day period in which grievances must be commenced. *Id*. Lastly, the court observed that the appellee had not provided any "any evidence showing how a transferee could informally resolve a complaint about conditions at the jail while confined in a different facility."

Each of the three factors that independently made a grievance procedure unavailable to King are present here in Mr. Allen's case.

For these reasons, the Court finds that the defendants have not met their burden of proof to show that a grievance system was available to Mr. Allen. The motion for summary judgment, dkt. [52], is **denied**.

## III. Proposed Judgment for the Plaintiff

The Court has found that the defendants' motion for summary judgment is without merit and that a grievance system was unavailable to Mr. Allen. The Court hereby provides notice pursuant to Federal Rule of Civil Procedure 56(f)(1) to grant summary judgment on the issue of exhaustion of administrative remedies to Mr. Allen. The defendants shall have fourteen (14) days from the date of this Order in which to file a response to the Court's proposal. If the defendants file an objection to the Court's proposal, Mr. Allen shall have fourteen (14) days from the filing of the defendants' objection in which to respond to the objection. No reply will be necessary.

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [52], is **denied**. The defendants shall have fourteen (14) days from the date of this Order in which to file an objection to the Court's Rule 56(f) proposal to enter summary judgment on the issue of exhaustion of administrative remedies to the plaintiff. The plaintiff shall have fourteen days to respond to any filed objection.

**SO ORDERED**.

Date: 4/23/2021

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David Allen
149885
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel