UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00100-JPH-MJD ) |
| JUSTIN BUCHANAN, et al. | ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff David Allen initiated this lawsuit *pro se* by filing a Complaint on February 12, 2020. [Dkt. 1.] Following resolution of Defendants' affirmative defense alleging that Plaintiff failed to exhaust his administrative remedies, on June 7, 2021, the Court entered its Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation. [Dkt. 75.] Pursuant to that schedule, Plaintiff's initial disclosures were due to be served on or before July 7, 2021. [*Id.* at 1-2.]

On July 15, 2021, Defendant Nurse Williams filed a motion to compel Plaintiff's initial disclosures and responses to Nurse Williams' interrogatories and request for production, which were served on Plaintiff on May 17, 2021. [Dkt. 77.] That motion to compel was granted on October 7, 2021, and Plaintiff was ordered to serve his initial disclosures and responses to Nurse Williams' interrogatories and request for production on or before October 22, 2021. [Dkt. 82.] To date, Plaintiff has not served his initial disclosures or his responses to Nurse Williams'

interrogatories and request for production in this matter.

On November 5, 2021, Defendants jointly file a Motion to Stay the Discovery and Dispositive Motion Deadlines, stating that Plaintiff had failed to comply with the case deadlines set by the Court or respond to Defendants' discovery requests. [Dkt. 84.]   On January 3, 2022, Defendants filed a Joint Motion to Dismiss the case due to Plaintiff's repeated failure to comply with the Court's orders.   [Dkt. 85.]

On March 1, 2022, the Court set a telephonic status conference March 9, 2022 for the purpose of discussing Defendants' Joint Motion to Stay Discovery, and the Court ordered Plaintiff to personally appear for the conference by telephone.   [Dkt. 88.]   Plaintiff failed to appear for the March 9, 2022 telephonic status conference as ordered.

Thereafter, the Court set an in-person show cause hearing for April 5, 2022, and again ordered Plaintiff to personally appear for the hearing to show cause why this case should not be dismissed for Plaintiff's failure to appear and to comply with the Court's orders in this matter. [Dkt. 89.] The Court's Order further warned that Plaintiff's failure to appear for the hearing may result in the dismissal of this case. Id. On April 5, 2022, the Court held the in-person show cause hearing, and Plaintiff again failed to appear for the hearing as ordered.

A district court has the inherent authority to impose sanctions on a party for the "'willful disobedience of a court order.'" See Trzeciak v. Petrich, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Barnhill v. U.S., 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation and citation omitted). A court's inherent powers are to

be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

As noted above, Plaintiff has failed to comply with the Court's scheduling order and the Court's order on Nurse Williams' motion to compel. Plaintiff also failed to appear for the March 9, 2022 telephonic status conference, and the April 5, 2022 in-person show cause hearing as ordered, and therefore, Plaintiff has repeatedly failed to comply with the Court's Orders. Accordingly, the Magistrate Judge recommends that Plaintiff's claims in this matter be dismissed for failure to comply with the Court's Orders, as well as for Plaintiff's failure to prosecute this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 5 APR 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

DAVID ALLEN
3749 Whitfield
Indianapolis, IN 46235